Tueley, J.
delivered the opinion of the court.
Prisoner was indicted in the circuit court of Hardin, for the crime of murder. At the October term, 1841, he was put upon his trial. The jury not being able to agree, the case was continued over from day to day till the last day when the court remained in session, when they were discharged and a mistrial directed. It appears that this was the last order made by the court during the term, except one allowing a bill of cost for the jury during the trial. It is now contended that this discharge of the jury was an improper exercise of power by the court, and that the prisoner must be discharged, and so the circuit court decided. In the case of Mahula vs. The State, 10 Yerg. 582, this court held that there was no power to discharge a jury in criminal cases without the consent of the prisoner, except in cases of manifest necessity; but recognized the disagreement of the jury up to the time when the court was about to adjourn as the case of such necessity: that we think this case to be. The business of the court being finished, or the time having arrived for a term to be held at another place, a disagreeing jury may be discharged, anda mistrial entered without discharging the prisoner. Butit is said, by the 4th sec. of the act of 1835, ch. 5, it is provided, that the court shall sit till the business be dispatched, unless the judge holding the same shall be sooner compelled to leave the court in order to arrive in time at the next succeeding court of the circuit; and that in no case after the trial of a cause is commenced shall the judge adjourn the court until the case is tried, except in cases when the jury cannot agree, or for some other cause a mistrial may be ordered.
We do not think this act can effect the present case, because the record shows there was another court to be held, and of the necessity of an adjournment of the court at Hardin for the purpose of so doing, the circuit judge was alone competent to determine ; and because the record shows that a mistrial had to be entered, because the jury could not agree upon a verdict.
Let the judgment be reversed, and the case remanded to Hardin for a trial upon its merits.